UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 06-CV-20084

vs.                            HON. GEORGE CARAM STEEH

RICK COTTON,

        Defendants.
_____/

ORDER DENYING DEFENDANT'S MOTION TO REINSTATE BOND (DOC. # 31); DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE UNDER THE PROTECTIONS OF A LETTER AGREEMENT DATED JUNE 19, 2006 AND MOTION TO DISMISS THE SUPERSEDING INDICTMENT (DOC. # 37); DENYING DEFENDANT'S MOTIONS TO DISMISS COUNTS II AND III OF THE INDICTMENT AND TO SUPPRESS GRAND JURY TESTIMONY (DOCS. ## 28, 29); DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO SUPPRESS POLYGRAPH EVIDENCE (DOC. # 34); AND GRANTING DEFENDANT'S MOTION TO ADJOURN DATES (DOC. # 38)

      This case was before the court on October 10, 2006, for oral argument on various motions made by the defendant.  As stated on the record, and for the reasons there given, defendant's motions for bond (Document # 31) and to suppress statements under a letter agreement and to dismiss the superseding indictment (Document # 37) have been denied.  Defendant's motion to adjourn the plea cut-off and trial dates (Document # 38) was granted.  The new plea cut-off date is October 19, 2006 at 10:00 a.m., and trial will commence October 31, 2006 at 9:00 a.m.

      Defendant's remaining motions are the motion to dismiss count III of the indictment; the motion to dismiss count II of the indictment and to suppress grand jury

testimony; and the motion *in limine* to suppress polygraph evidence, which are addressed in that order, below.

Defendant's Motion to Dismiss Count III of the Indictment

Defendant moves to dismiss the third count of the indictment, brought under 18 U.S.C. § 1512(b)(3), tampering with a witness, victim, or an informant, on the basis that the allegations are insufficient to plead an offense under that statute. That statute provides:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States, of information relating to the commission or possible commission of a Federal offense of a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1512(b)(3).

Count III states:

> On or about June 19, 2006, in the Eastern District of Michigan, Southern Division, RICKY COTTON, defendant herein, did engage in misleading conduct toward another person and persons with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a federal offense, to wit, the use of fire to commit the felony offenses of interference with housing rights in violation of Title 18, United States Code, Section 844(h) and Title 42, United States Code, Section 3631, in that during interviews with federal investigators about a racially motivated arson that occurred on July 28, 2002, in Taylor, Michigan, defendant Cotton knowingly made false statements, intentionally omitted information from other statements and thereby caused portions of such statements to be misleading and intentionally concealed material facts, and thereby created false impressions by such statements. All in violation of Title 18, United States Code, Section 1512 (b)(3).

2

Cotton argues that required elements for a violation of that statute are not possibly established in this case. He contends that he has not been alleged to have tampered with a witness, victim, or informant; he states he "simply made allegedly false and misleading statements directly to federal law enforcement representatives," and that "[n]o other person was involved." He cites to a Third Circuit case, United States v. Guadaloupe, 402 F.3d 409 (3rd Cir. 2005)(attached), where the elements of a conviction under § 1512(b)(3) for *corrupt persuasion* are set out. He argues that if he should be charged for these actions, it should be solely under 18 U.S.C. §1001 (making false statements), which is a five year felony, rather than § 1512(b)(3), a ten year felony.

As the government argues, the charge under § 1512(b)(3) in this case is not for the corrupt persuasion of another, but is brought under the clause in the statute, "....*or* engages in misleading conduct toward another person, with intent to–hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States..." The government convincingly demonstrates that Cotton has not pointed to any authority which directly supports his argument, and that United States v. Genao, 343 F.3d 578 (2nd Cir. 2003) fails to lend such support. In that case, the court found that the charge in the indictment did not allege facts in support of the specific intent required by the § 1512(b)(3) statute. While the title of the statute may or may not precisely reflect the charge in this case, as the government argues, the terms of the statute encompass the allegations. See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.")

The government points to several cases where courts affirmed violations of § 1512(b)(3), including United States v. Perry, 335 F.3d 316, 321 (4th Cir. 2003), concerning the conviction of an individual with a prior felony conviction who gave a false name to officers.  The government draws the parallel between the defendant in that case lying to law enforcement officers to prevent them from finding out about a crime to this case, where the defendant is alleged to have engaged in similar behavior.  As discussed at oral argument, defendant's position is that while the statute may apply to misleading conduct aimed at state law enforcement officers, such communication or acts directed at federal officers is not covered.

The Eleventh Circuit's decision in United States v. Veal, 153 F.3d 1233, addresses the term "any person" in § 1512(b)(3).  In that case, the district court's decision to reject the argument made by defendants that "another person" did not refer to state law enforcement agents was upheld by the appellate court.   This was specifically discussed in the case of United States v. Smith, 2001 WL 1568851 (N.D. Ill 2001), where the district court found that the reasoning behind applying the statute to state law enforcement officers should be applied to encompass investigators from the FBI.  That decision went on to discuss the legislative history of the statute, citing to Veal, where the court "found that the Senate Report on § 1512(b)(3) 'reveals that it is to be read to include a wide range of conduct that thwarts justice.'" Id. at *4, citing Veal, 153 F.3d at 1247.  The Smith decision highlighted the following explanation from Veal for its decision finding the statute encompasses federal law enforcement officers:

> police officers, as a consequence of their occupation, become witnesses
> as a matter of course in each investigation in which they are involved.
> Thus, the terms used in the statutory title do not exempt police officers.

> The fact that Congress did not use restrictive language in drafting § 1512(b)(3) confirms our logical conclusion that 'witness,' as used in the caption, can be interpreted to encompass state investigators.

Id.

This court agrees with the Smith court's reasoning, and is similarly convinced that the charge brought under § 1512(b)(3) in this case is not improper. Accordingly, defendant's motion to dismiss Count III is DENIED.

Defendant's Motion to Dismiss Count II of the Indictment and to Suppress Grand Jury Testimony

In this motion, defendant argues that Count II of the indictment, making false declarations before a grand jury, is violative of due process under the "perjury trap" doctrine. He states that he was interviewed on December 21 and 22, 2005, and denied involvement with the fire, then sat for a polygraph exam on the 22nd, and was informed that he failed. He asserts that he then asked to consult with an attorney, but that one was not provided for him.[1] He states that "[i]nstead, DOJ attorney Michael Khoury came to speak with him." He gave a written statement, again denying knowledge of/involvement with the fire, and then was taken to the Grand Jury. When he was there, he said he was ready to proceed without an attorney. His argument is that the government knew he was lying and placed him in front of the Grand Jury solely for the purpose of eliciting perjured testimony, not for any investigative purpose. Finally, he asserts he was told the Grand Jury session would continue, but it did not, which did not afford him the opportunity to purge any perjured testimony. Defendant asserts that in

---

[1] The government states that Cotton, who was not in custody, almost immediately reversed that request, and stated that he wanted to go forward without an attorney.

no perjury trap case he cites (he concedes they all were decided in favor of the government) had the defendant a) been given such short notice before being required to testify; b) been first contacted by law enforcement such a long time (41 months) after the offense being investigated; c) been subjected to a failed polygraph "only hours before the required testimony;" d) unsuccessfully requested a lawyer before grand jury testimony; and e) been promised, but not actually given, the opportunity to reappear before the grand jury.  This combination of characteristics, defendant asserts, distinguishes this case from others.

The government emphasizes that a perjury trap occurs *only where there is no legitimate investigative purpose for the testimony*.  Cotton's written statement, on which he was questioned before the grand jury, concerned who was involved in planning and setting the fire and establishing the purpose for the fire.  The government relies on the Sixth Circuit case of United States v. Brown, 49 F.3d 1162, 1168 (6th Cir. 1995): "[w]hen testimony is elicited before a grand jury that is 'attempting to obtain useful information in furtherance of its investigation,' (quoting  United States v. Devitt, 499 F.2d 135, 140 (7th Cir.1974), cert. denied, 421 U.S. 975, 95 S.Ct. 1974, 44 L.Ed.2d 466 (1975)), or 'conducting a legitimate investigation into crimes which had in fact taken place within its jurisdiction,' (quoting United States v. Chevoor, 526 F.2d 178, 185 (1st Cir.1975), cert. denied, 425 U.S. 935, 96 S.Ct. 1665, 48 L.Ed.2d 176 (1976)), the perjury trap doctrine is, by definition, inapplicable" (citation omitted).

Finally, as the government also points out, the alleged perjury was elicited not by the prosecutor, but by a question posed by an individual grand juror, which supports its argument that this could not exactly be the trap asserted by defendant.  Because the

court is not convinced that the investigation was not legitimate, this motion is also DENIED.

<u>Defendant's motion in Limine to Suppress Polygraph Evidence</u>

This motion cites to cases in the 6th Circuit, such as <u>United States v. Barger</u>, 931 F.2d 359, 370 (6th Cir. 1994), which have stated the general rule that polygraph evidence is inadmissible. Defendant states that at a minimum, prior to inclusion, a <u>Daubert</u> proceeding should be conducted to ensure the polygraph evidence's reliability.

As discussed on the record, the court anticipates that the parties will be able to draft a stipulation to resolve this motion. Should the court be required to rule on this motion, it anticipates that it would find a reference to polygraph evidence too potentially prejudicial to allow such a reference, especially in light of the fact that the alleged false statements are what constitute the charges in this matter. However, this does not constitute a ruling, and the court will more carefully consider the question and make a determination if and when it becomes necessary. The motion, therefore, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

<u>Dated: October 12, 2006</u>

S/George Caram Steeh
<u>GEORGE CARAM STEEH</u>
<u>UNITED STATES DISTRICT JUDGE</u>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 12, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
<u>Deputy Clerk</u>